UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FRANK RAFTER JR., THOMAS KELLY, and
SEFU SIMMS, on behalf of themselves and
others similarly situated,

                              Plaintiffs,

       v.

EVERLAST SIGN & SERVICE INC.,
EVERLAST SERVICE COMPANY, INC.,
MIKEY T. INC. (d/b/a EVERLAST
ADVERTISING), EVERLAST SERVICE
INC. 2, ALL ISLAND SIGNS, LLC (d/b/a
ALL ISLAND SIGN COMPANY), ANN
TIEFENWORTH, ALEXA TIEFENWORTH,
LISA PAONE, FRANK PAONE, and
ARTHUR FLYNN,

                             Defendants.

------------------------------------------------------------X

**REPORT & RECOMMENDATION**

21-CV-4588 (NRM) (LGD)

**LEE G. DUNST**, Magistrate Judge:

      Presently before the Court is Plaintiffs' Motion to Certify FLSA Collective Action at Electronic Case File ("ECF") 25, with supporting documents at ECF Nos. 26 to 31. Defendants responded to the motion at ECF No. 24.[1] The motion was referred initially to the undersigned by District Judge Allyne R. Ross on October 14, 2022, and the case was later reassigned to District Judge Nina R. Morrison. Oct. 14, 2022 & Oct. 19, 2022 Orders. For the reasons discussed herein, the undersigned respectfully recommends that the motion be GRANTED.

---

[1] Additional filings referenced this motion and have been considered herein, including ECF Nos. 34, 40, 42, and 43.

I.        **FACTUAL AND PROCEDURAL BACKGROUND**

According to Plaintiffs, Everlast Sign & Service Inc. ("Everlast") is a company specializing in the "delivery, installation, maintenance, and removal of real estate signage," located in Syosset, New York. ECF Nos. 26 at 1 & 41 ¶ 12. Plaintiffs contend that they were employees of Everlast, while Defendants counter that they were independent contractors. *Compare* ECF No. 26 at 9 *with* ECF No. 34.[2] Defendants allegedly exercised control over the terms and conditions of Plaintiffs and "knowingly and willfully operated their business with a policy of misclassifying employees as 'independent contractors' in an unlawful scheme to avoid their obligations under the [Fair Labor Standards Act ("FLSA")] and New York Labor Law ("NYLL")." ECF No. 26 at 2. In their Complaint filed on August 15, 2021,[3] Plaintiffs allege that Defendants (1) failed to pay proper overtime (1.5 times their regular hourly rate for hours worked over 40 per week); (2) did not allow Plaintiffs to take breaks for meals or rest; (3) made frequent deductions to Plaintiffs' pay; (4) failed to reimburse Plaintiffs for mileage or costs of tools; (5) have not kept accurate records of wages earned or hours worked; and (6) failed to provide accurate wage notices – all of which allegedly violated the FLSA and NYLL. *Id.* at 3-4; *see* ECF No. 1. Defendants deny significant portions of these allegations. *See* ECF Nos. 13 & 44.

       A.        **The Parties**

Plaintiffs Frank Rafter Jr., Thomas Kelly, and Sefu Simms worked as sign installers for Everlast. Rafter worked for Everlast from 2004 to 2020. ECF No. 27 ¶ 5. Kelly worked for

---

[2] Defendants further argue that regardless of the classification status, the claims of entitlement to overtime compensation are meritless. ECF No. 34.

[3] Defendants answered the Complaint on October 19, 2021. ECF No. 13. As discussed further here, Plaintiffs filed an Amended Complaint on November 28, 2022 (after the filing of the instant motion), which Defendants answered on December 16, 2022. ECF Nos. 41 & 42.

Everlast from March 2013 to May 2019.  ECF No. 28 ¶¶ 5-7.  Simms worked for Everlast from August 2019 through March 2020.  ECF No. 28 ¶¶ 5-6.

Individual defendants Ann Tiefenworth and Alexa Tiefenworth are the principals and owners of Everlast; Lisa Paone and Frank Paone are Everlast's office managers;[4] and Arthur Flynn is Everlast's warehouse manager (herein, collectively, the "Individual Defendants").  ECF No. 26 at 1.

As explained in the Amended Complaint, Defendants Everlast Sign & Service Inc., Everlast Service Company, Inc., Mikey T. Inc. (d/b/a Everlast Advertising), Everlast Service Inc. 2, and All Signs, LLC (d/b/a All Island Sign Company) are domestic business corporations or limited liability companies organized under the laws of New York, each with a principal place of business in New York.  ECF No. 41 ¶¶ 11-15.  These businesses (hereinafter collectively referred to as "Everlast") are allegedly "part of a single integrated enterprise that jointly employed Plaintiffs and those similarly situated at all relevant times;" Defendants deny this allegation.  *Id.* ¶ 16; ECF No. 44 ¶ 5.

**B.   Procedural History**

As noted previously, Plaintiffs initially filed this action on August 15, 2021.  ECF No. 1. Defendants answered the Complaint on October 19, 2021.  ECF No. 13.  The parties proceeded into mediation which was unsuccessful.  June 13, 2022 Report.

On June 23, 2022, Defendants filed a letter for a pre-motion conference with Judge Ross, requesting permission to file a motion for summary judgment, primarily arguing that Plaintiffs were not "employees" of the named Defendants.  ECF No. 17.  Plaintiffs responded and the parties then submitted further filings in response to an Order from Judge Ross.  July 11, 2022

---

[4] Defendants Lisa Paone and Frank Paone deny that they are office managers at Everlast. ECF No. 44 ¶ 6.

3

Order; ECF Nos. 18; 19; 20.  At a pre-motion conference held on July 22, 2022, Defendants "determined to withhold the motion until a later date."  ECF No. 21.

On August 24, 2022, the undersigned[5] entered a discovery schedule in this case (which required depositions to be completed by October 31, 2022) and permitted Plaintiffs to file a motion for conditional class certification.  Aug. 24, 2022 Order.

Plaintiffs filed the instant motion to certify this case as a FLSA collective action on October 13, 2022, with a memorandum in support and affidavits from Plaintiffs Frank Rafter Jr., Thomas Kelly, and Sefu Simms.  ECF Nos. 25-29.  Plaintiffs also filed an affirmation by attorney Brian L. Greben with supporting exhibits.  ECF No. 30.  In response, Defendants filed an affirmation which did not address the substance of the motion but argued that "Defendants strenuously oppose granting the relief <u>at this time</u>" and their belief that the deposition testimony would lead to a dismissal of the action on summary judgment.  ECF No. 24 (emphasis in original).  Plaintiffs replied at ECF No. 31.  On October 14, 2022, Judge Ross referred the motion to the undersigned for a Report and Recommendation.  Oct. 14, 2022 Order.

On October 31, 2022, Defendants filed a letter request for a pre-motion conference for leave to amend their answer to add additional affirmative defenses that their purported violations were not willful and the claims are barred by the statute of limitations.  ECF No. 35.  Plaintiffs responded on November 14, 2022, noting that the parties had since consented to filing of both an amended complaint and an amended answer.  ECF No. 39.

On October 31, 2022, Defendants also filed a letter requesting that the undersigned defer rendering a decision on the motion for class certification until the end of depositions.  ECF No. 34.  As set forth in this submission, the individual defendants are "middle-class individuals who

---

[5] On June 8, 2022, this case was randomly reassigned from Magistrate Judge Arlene R. Lindsay to the undersigned.  June 8, 2022 Order.

4

work hard to earn a living, and this case has proven to be very expensive so far" and "Defendant Everlast is a small, family-owned business that has borne all of the litigation expenses so far, but which can ill afford to underwrite the enormous expense of defending against a collective action." *Id.* Defendants represented that they planned to file a motion for summary judgment after the close of discovery and, alternatively, "request[ed] the opportunity to submit supplemental opposition to Plaintiff's [certification] motion, and/or for oral argument." *Id.*

In response to the undersigned's November 1, 2022 Order, Plaintiffs explained the timing of their filing of the instant motion in this case which commenced on August 15, 2021. ECF No. 40; Nov. 1, 2022 Order. Plaintiffs explained that the case previously had been in mediation and that filing the motion at an earlier date would have likely complicated the mediation. ECF No. 40. Plaintiffs further argued that FLSA plaintiffs may move to seek conditional class certification during or after discovery. *Id.* (cases cited therein).

Plaintiffs filed an Amended Complaint on November 28, 2022, which included claims against additional named corporate defendants, in addition to the Individual Defendants. ECF No. 41. Defendants then filed an Amended Answer, which asserted additional affirmative defenses. ECF No. 44.

On November 29, 2022, the undersigned requested further information from the parties regarding their respective positions on Plaintiffs' motion to certify the case as a collective action following the completion of depositions. Nov. 29, 2022 Order. Defendants once again argued that any decision on the motion for certification should wait until after summary judgment motion practice because: (1) Plaintiffs were independent contractors, (2) Plaintiffs filed taxes declaring themselves to be sole proprietors, (3) the installation work was performed far from the premises of Everlast and was completely unsupervised, (4) Everlast has no means of tracking the

hours of Plaintiffs (and they were free to work by themselves, including taking breaks), (5) overtime claims by Plaintiffs would be specious, (6) it is likely that certain defendants will be dismissed given their minor roles at Everlast, and (7) the FLSA's purported two-year statute of limitations for non-willful conduct will likely be deemed applicable here. ECF No. 42. In response, Plaintiffs asserted that Defendant's arguments were largely not relevant to a motion for class certification and that at least a three-year statute of limitations should apply to claims under the FLSA in this case. ECF No. 43.

On December 16, 2022, the undersigned directed the parties to provide the Court with additional information on how many employees would be "covered employees" under the current motion and requesting confirmation from the parties on whether they wanted to participate in a settlement conference. Dec. 16, 2022 Order. On December 30, 2022, the Plaintiffs argued that Defendants employed approximately 75 installers from 2015 to 2018 and approximately 50 from 2018 to the present, while Defendants stated that Everlast currently has 11 installers and had an additional 48 from 2018 to the commencement of the action. ECF No. 45. The parties also explained that all named defendants and plaintiffs had been deposed. *Id.* The parties further requested a settlement conference before the undersigned. *Id.*

The Court held a conference on January 5, 2023, in which the Court scheduled a settlement conference for March 14, 2023 and, as a result, held the motion to certify the FLSA collective action in abeyance pending the outcome of the settlement conference. ECF No. 46.

On March 1, 2023, the parties confirmed they were prepared to participate in a productive settlement conference. ECF No. 47. The Court later received confidential *ex parte* submissions from the parties and requested further supplemental information from the parties in advance of the settlement conference. Mar. 8, 2023 Order. The Court held the scheduled settlement

conference on March 14, 2022, but Defendants and defense counsel failed to attend.  Mar. 14, 2022 Order.  As a result, the Court advised the parties that it "will no longer hold Plaintiff's Motion to Certify FLSA Collective Action (DE 25) in abeyance and will issue a Report and Recommendation pursuant to the 10/14/2022 referral order."  ECF No. 48.

## II.   PLAINTIFFS' MOTION AND DEFENDANTS' RESPONSES

Plaintiffs' motion argues that the Court should certify the collective action because Plaintiffs have exceeded the modest factual showing required for such motions and, as a result, should approve notice to similarly situated employees, certify a six year notice period, permit discovery of contact information for other Everlast installers, order dissemination of notice via U.S. Mail, e-mail, and text message, require Defendants to post notice and authorize a reminder notice, and toll all claims.  ECF No. 26.

In opposition, Defendants have primarily argued that the Court should not address this motion until after a decision is issued on a yet-to-be-filed summary judgment motion and have further challenged the merits of Plaintiffs' claims.  ECF Nos. 34 & 42.  Notably, Defendants have not made any supplemental submission in opposition to the certification motion (or sought leave to do so) since the Court's March 14, 2023 Order advising that the Court was no longer holding the motion in abeyance.

## III.   LEGAL STANDARD

"Section 216(b) of the FLSA provides employees with a right of action on behalf of themselves and 'others similarly situated.'"  *Villalta v. 101-11 86 Ave. Corp.*, No. 20-CV-0249 (RRM) (TAM), 2022 WL 462408, at *2 (E.D.N.Y. Feb. 15, 2022) (citing 29 U.S.C. § 216(b)).  In considering whether employees can bring a "collective action" pursuant to the FLSA, the Second Circuit applies a two-step test: "[t]he first step involves the court making an initial

7

determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010).  If the Court certifies the first step, potential class members may then "opt in" to the case.  *Agonath v. Interstate Home Loans Ctr., Inc.*, No. 17-CV-5267 (JS) (SIL), 2019 WL 1060627, at *2 (E.D.N.Y. Mar. 6, 2019).  After a fuller record has been developed, the second stage (known as the "decertification stage" occurs) in which the court determines whether the "opt-in plaintiffs are in fact similarly situated to plaintiffs." *Jibowu v. Target Corp.*, 492 F. Supp. 3d 87, 118 (E.D.N.Y. 2020); *see also* Myers, 624 F.3d at 555; *see Villalta*, 2022 WL 462408, at *2.

In considering this first step, Plaintiffs should make a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law[.]'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).  Documents that may be considered to establish such a showing include "plaintiffs' own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Chicas v. Kelco Constr., Inc.*, No. 21-CV-09014 (PAE) (SDA), 2023 WL 2072026, at *2-3 (S.D.N.Y. Feb. 19, 2023) (internal citations and quotations omitted).  At this stage, district courts "examine pleadings and affidavits, but 'do[ ] not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations.'" *Villalta*, 2022 WL 462408, at *3 (quoting *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 385 (E.D.N.Y. 2010)).  In determining whether members of an action are similarly situated, "district courts typically review several factors, including (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural

considerations." *McGlone v. Contract Callers, Inc.*, 49 F. Supp. 3d 364, 367 (S.D.N.Y. 2014) (citation omitted); *Chicas*, 2023 WL 2072026, at *3 (applying these factors and finding conditional class certification was warranted); *Severino v. Avondale Care Grp., LLC*, No. 21-CV-10720 (LGS) (SDA), 2022 WL 16555372, at *3 (S.D.N.Y. Oct. 29, 2022) (same).

However, where discovery as to the named Plaintiffs and Defendants is complete, the Court must consider whether to apply a heightened standard of review. *See Gaston v. Valley Nat'l Bancorp*, No. 17-CV-1886 (FB) (SMG), 2018 WL 4158407, at *5 (E.D.N.Y. Aug. 30, 2018) (explaining the "'modest-plus' standard as a 'sliding scale,' with progressively more scrutiny applied as more evidence enters the record"). The consideration of such a higher standard is rooted in efficiency, and "a reviewing court should deny conditional certification if it determines that the solicitation of additional opt-ins through court-authorized notice would not promote efficient resolution of common issues." *Jibowu*, 492 F. Supp. 3d at 119 (internal quotations and citations omitted); *see also Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316 (PAC), 2006 WL 2819730, at *9-10 (S.D.N.Y. Sept. 29, 2006) (applying heightened scrutiny when conditional certification was sought following discovery). The Second Circuit explained that courts conditionally certify collection actions by exercising "'discretion, in appropriate cases.'" *Myers*, 624 F.3d at 554, 555 & n. 10 (quoting *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). Plaintiff argues that this heightened standard should not apply to cases where the motion to certify a collective action was made before the close of discovery (and before opt-in notices were distributed). ECF No. 40. Plaintiff cites the following case law in support of these arguments:

> *Amador v. Morgan Stanley & Co. LLC*, 11 cv 4326 (RJS), 2013 WL 494020, *4 (S.D.N.Y. Feb. 7, 2013) ("[T]he overwhelming case law in this Circuit clearly holds that a heightened standard is not appropriate during the first stage of the conditional certification process and should only be applied once the entirety of

9

discovery has been completed.") (citations and quotation marks omitted); *Karic v. Major Automotive Companies, Inc.*, 799 F. Supp. 2d 219, 225-26 (E.D.N.Y. 2011) (rejecting defendants' argument that heightened security should be applied to a motion for conditional certification that was made after "extensive discovery"); *Kudo v. Panda Rest. Grp., Inc.*, 09 cv 0712 (CS), 2011 WL 13383214, at *4 (S.D.N.Y. June 3, 2011) (rejecting defendants' contention "that because Plaintiffs have undertaken substantial discovery prior to moving for conditional certification and court-authorized notice, they should be held to a heightened standard of analysis at the certification stage."). . . . *Serebryakov v. Golden Touch Transportation of NY, Inc.*, 181 F. Supp. 3d 169, 174 (E.D.N.Y. 2016) ("Absent other compelling circumstances, the heightened standard applies *only after discovery and notice and opportunity to opt in* – after a finding of conditional certification.") (emphasis added) (citations omitted); *Ravenell v. Avis Budget Car Rental*, LLC, 08 cv 2113 (SLT) (ALC), 2010 WL 2921508, at *4 (E.D.N.Y. July 19, 2010) ("It is well settled that the more exacting standard does not apply until after discovery is complete and it can be determined whether the class of plaintiffs, including those who have opted in, should proceed to trial as a collective action. In this case, discovery is not complete and notice of a collective action and an opportunity to join the lawsuit has not been given, making it inappropriate to use the more stringent standard.") (citations omitted); *Gorat v. Capala Bros, Inc.*, 07 cv 3629 (ILG), 2010 WL 1423018, at *9-10 (E.D.N.Y. Apr. 9, 2010) ("[I]t is clear that the court envisions the heightened standard applying not only after discovery, *but also after notice and opportunity to opt-in*. . . . The heightened scrutiny standard is only appropriate after the opt-in period has ended and the court is able to examine whether the actual plaintiffs brought into the case are similarly situated.") (emphasis is in original) (citation omitted).

*Id.* Defendants have not substantively responded to this issue or provided any contrary case law.

Here, given that discovery is substantially complete, but opt-in notices have not yet been distributed to potential additional plaintiffs, the Court will apply a slightly higher standard, in which the Court "will look beyond the pleadings and affidavits submitted by Plaintiffs and will consider the evidence [and arguments] submitted by both parties, albeit with an understanding 'that the body of evidence is necessarily incomplete.'" *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 482 (S.D.N.Y. 2016) (citing *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 826 (N.D. Ohio 2011) ("[A] hybrid standard . . . , which combines the lenient standard with some consideration of the stage-two factors, and is augmented by [various] practical considerations . . . , strikes the proper balance between the traditional stage-one and two

10

standards.")); *Thornburn v. Door Pro Am., Inc.*, No. 16-CV-3839 (DRH) (AKT), 2018 WL 1413455, at *8 (E.D.N.Y. Mar. 20, 2018) (considering both a "modest" first-stage burden and a "heightened burden" and finding Plaintiff's burden was met).

## IV. DISCUSSION

Applying the above hybrid standard to the record, the Court finds that Plaintiffs have demonstrated that conditional certification is warranted and, therefore, approve notices, subject to the limitations outlined below.

### A. Plaintiffs' Supporting Affidavits

In support of their motion, Plaintiffs submit affidavits to allege a common set of facts to show a widespread violation of the FLSA by Defendants.

Plaintiff Frank Rafter Jr. worked as a sign installer for Defendants from 2004 to December 2020. ECF No. 27 ¶ 5. He explained that he worked on generally the same schedule that varied by season: from mid-December to mid-March, he would start work at 5:00 a.m. on Mondays through Fridays. *Id.* ¶ 6. He would pick up materials at Everlast, travel to locations, and erect signs. *Id.* He generally finished the work at 1:00 p.m. or 2:00 p.m. *Id.* He would then confer with customers and return to the Everlast warehouse at around 5:00 p.m. *Id.* Some days he would work an additional two hours in preparation for the next day. *Id.* He worked an average of 57.5 hours per week during this part of the year. *Id.* From mid-March to mid-December, he worked approximately 65 hours per week. *Id.* ¶ 7. He was paid $1,000 per week from 2014 through 2018 and $1,050 a week from 2018 through 2020. *Id.* ¶ 8. His workload was reduced during the pandemic, and he worked 40.5 hours per week from March 16, 2020 through May 31, 2020, and was paid $630 per week. *Id.* ¶ 9. His work and pay subsequently returned to $1,050 weekly. *Id.* ¶ 10.

11

Plaintiff Thomas Kelly worked as a sign installer for Defendants since 2013 (with some time off due to an injury). ECF No. 28 ¶¶ 5-7. Kelly worked Monday through Friday from around 6:30 a.m. to between 5:00 p.m. and 7:00 p.m. *Id.* ¶ 6. He worked an average of 62.5 hours per week and was paid $1,050 per week. *Id.* ¶ 7.

Plaintiff Sefu Simms worked for Defendants from August 2019 through October 2019. ECF No. 29 ¶ 5. He similarly would start working around approximately 6:30 a.m. and would finish his route around 7:30 p.m. *Id.* ¶¶ 6-7. He worked approximately 66.25 hours per week from August 2019 through October 2019 and 58.75 hours per week from November 2019 through March 2020. *Id.* He was paid $1,000 per week. *Id.* ¶ 7.

These three affidavits offer similar factual details. They allege that Defendants knowingly and willfully operated their business by misclassifying employees as "independent contractors" in violation of the FLSA and NYLL. ECF Nos. 27 ¶ 12; 28 ¶ 4; 29 ¶ 4. They allege they were not paid overtime of 1.5 times the hourly rate for hours over 40 per week. ECF Nos. 27 ¶ 12; 28 ¶ 10; 29 ¶ 9. They further allege they were not allowed breaks and were not compensated for mileage or other tools of the trade. ECF Nos. 27 ¶¶ 13-14; 28 ¶¶ 11-12; 29 ¶¶ 10-11. Plaintiffs also include names of additional Everlast installers who worked under – and complained to them about – similar work conditions. ECF Nos. 27 ¶¶ 17-19; 28 ¶ 19; 29 ¶ 15.

### B. Conditional Certification

Applying the hybrid standard, the Court finds that these affidavits and the additional filings in this case are sufficient to establish the "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann*, 982 F. Supp. at 261). The evidence suggests that the installers worked under similar conditions and were likely victims of a common policy

or plan that may have violated the FLSA. Having reviewed the pleadings and Plaintiffs' motion, which includes the above-described affidavits, the Court finds that Plaintiffs have made a sufficient showing to grant conditional certification of a collective as to Plaintiffs Frank Rafter Jr., Thomas Kelly, Sefu Simms, and Defendants' employees who worked as sign installers from August 15, 2018 to the present.

### 1.     Unlawful Policy

"To bring a collective action, Plaintiffs must show they were victims of Defendants' illegal pay practices." *Villalta*, 2022 WL 462408, at *5. Here, the Court finds sufficient facts to show Defendants may have been subject to an unlawful overtime policy in violation of the FLSA, and that Plaintiffs did not receive proper reimbursements for their costs; Defendants did not allow Plaintiffs to take breaks for meals or rest; and Defendants failed to reimburse Plaintiffs for mileage or costs of tools. *See Han v. Shang Noodle House, Inc.*, No. 20-CV-2266 (PKS) (VMS), 2021 WL 3774186, at *9 (E.D.N.Y. Aug. 24, 2021) ("[T]o the extent Plaintiff alleges that Defendants paid him a flat monthly salary but did not pay him one-and-a-half times his regular rate for each hour worked in excess of 40 in a week, Plaintiff sufficiently alleges that he suffered a violation of federal overtime wage law."); *Lopez v. MNAF Pizzeria, Inc.*, 18 cv 06033 (ALC), 2021 WL 1164336, at *11 (S.D.N.Y. Mar. 25, 2021) (granting summary judgment for liability as to costs of vehicles under the FLSA).

### 2.     Similarly Situated Employees

"Next, the Court considers whether similarly situated employees exist with respect to Defendants' alleged FLSA overtime violations." *Villalta*, 2022 WL 462408, at *6. Plaintiffs explain that similar policies were applied to other sign installers at Everlast. ECF Nos. 27 ¶ 17; 28 ¶ 19; 29 ¶ 16. Additionally, Plaintiffs explained that there were approximately 75 installers

13

from 2015 through 2018 and approximately 50 from 2018 through the present. ECF No. 45. The Court finds that Plaintiffs' allegations are sufficient to establish a nexus between the situation of Plaintiffs and the other sign installers as possible victims of a common policy or plan that violated the law. *See Neris v. R.J.D. Constr., Inc.*, No. 18-CV-1701 (ADS) (AKT), 2019 WL 1458239, at *5 (E.D.N.Y. Mar. 29, 2019) (finding "assertions are sufficient to meet Plaintiff's 'lenient' evidentiary showing: they set forth a plausible factual nexus connecting Plaintiff and other specifically named employees of Defendants by way of Defendants' failure to pay each of them overtime wages.").

### 3. Defendants' Arguments

In opposing the current motion, Defendants argue that Plaintiffs' claims are likely to be dismissed on summary judgment primarily because the sign installers were purportedly independent contractors and, therefore, the Court should not rule on the certification motion. *See* ECF Nos. 24; 34; 42; 44. Defendants' arguments go to the merits of the case and are generally not properly considered when a court determines conditional class certification in an FLSA action. *See Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008) ("[T]he standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification."); *Galicia v. Tobiko Rest., Inc.*, No. 16-CV-4074 (ADS) (SIL), 2020 WL 13159034, at *2 (E.D.N.Y. Mar. 19, 2020) (citing *Laroque*). Nonetheless, the Court has considered Defendants' arguments and finds they do not outweigh the evidence submitted by Plaintiffs in support of conditional class certification.[6] *See Tlapanco v. City Metal Traders, Inc.*,

---

[6] Defendants have been provided with more than ample opportunity over the last six months to provide the Court with additional briefing or factual support in opposition to Plaintiffs' motion. Since this motion, Defendants have made numerous filings (ECF Nos. 34; 42; 45) and the Court has issued multiple Orders concerning the motion (Nov. 1, 2022 Order; Nov. 8, 2022 Order; Nov. 29, 2022 Order; ECF No. 48).

No. 21-CV-06341, 2023 U.S. Dist. LEXIS 32102, at *7-8 (E.D.N.Y. Feb. 24, 2023) (considering arguments by Defendants regarding sufficiency of evidence and finding that Plaintiff met the required burden).

### C. Notice Of Pendency

Given that the Court has made the initial findings to certify a collective action, the Court next proceeds to authorize the issuance of notice for additional opt-in Plaintiffs. *See Villalta*, 2022 WL 462408, at *7. The FLSA "vests the district court with broad discretion with respect to the notice of pending litigation to be provided to potential opt-in plaintiffs." *Yi Mei Ke v. JR Sushi 2 Inc.*, No. 19-CV-7332 (PAE) (BCM), 2021 WL 148751, at *12 (S.D.N.Y. Jan. 15, 2021).

#### 1. Notice Period

The Court finds a notice period beginning on August 15, 2018 to be an appropriate time period under the circumstances.

Plaintiffs request a notice period of six years from August 15, 2015 to the present. However, the statute of limitations under the FLSA is generally two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The Court finds that the allegations sufficiently allege willfulness to satisfy a three-year notice period for purposes of this motion. *See Agonath v. Interstate Home Loans Ctr., Inc.*, No. 17-CV-5267 (JS)(SIL), 2019 WL 1060627, at *4 (E.D.N.Y. Mar. 6, 2019) ("allegations of willful conduct are sufficient to apply the three-year statute of limitations for purposes of certifying the class."). Plaintiffs further argue that the additional NYLL claims sometimes result in courts ordering a six-year notice period. ECF No. 26 at 18 (citing *Fonseca v. Dircksen & Talleyrand, Inc.*, 13 cv 5124 (AT), 2014 WL 1487279, at *18 (S.D.N.Y. Apr. 10, 2014); *Winfield v. Citibank*, 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012)).

15

However, the Court finds that given the timing of the motion in this case and the overall efficiency concerns the notice period should be limited to claims as of August 15, 2018. *See Villalta*, 2022 WL 462408, at *8 ("a three-year statute of limitations is appropriate"); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013) ("Authorizing notice for a time period twice the length of the maximum FLSA limitations period would not serve the efficiency goal. . . . ").

### 2.  Discovery Of Contact Information

Plaintiffs ask the Court to order the discovery of names and contact information of potential class members. "In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, e-mail addresses, and dates of employment of potential collective members." *Taveras v. PSD Freeport Inc.*, No. 19-CV-6243 (MKB) (RER), 2021 WL 1405994, at *7 (E.D.N.Y. Apr. 14, 2021) (quoting *Valerio,* 314 F.R.D. at 74-75). To the extent they have not already done so, Defendants shall produce the names, addresses, telephone numbers, e-mail addresses, job titles, and dates of employment of potential collective action members. The Court is not ordering the production of the social security numbers of potential plaintiffs, as this is unduly intrusive and unnecessary at this time. ECF No. 26 at 27.

### 3.  Proposed Notice

The Court finds that the proposed notice documents at ECF Nos. 30-4 and 30-5 are appropriate with three adjustments: (1) the notice period shall begin August 15, 2018, not August 15, 2015; (2) the documents should be adjusted to include the additional named Defendants in the Amended Complaint; (3) the notice should provide a 45-day opt in period, rather than a 60-day opt in period. *See Yi Mei Ke*, 2021 WL 148751, at *12 (noting the court's broad discretion for notice to potential opt-in plaintiffs); *Lee v. ABC Carper & Home*, 236 F.R.D. 193, 202

16

(S.D.N.Y. 2006) (explaining the broad discretion of the court to order the contents of a proposed notice).

The Court additionally orders that notice shall be issued to prospective members of the collective action through mail, e-mail, and text message with a link on Plaintiffs' counsel's website. The proposed e-mail and text at ECF Nos. 30-6 and 30-7 are approved with the aforementioned notice adjustments. The Court further orders that Defendants shall post notice in a conspicuous location at defendants' warehouse, during regular business hours throughout the duration of the 45-day opt-in period. Finally, the Court authorizes Plaintiff's counsel to send reminder notices, as proposed at ECF Nos. 30-8, 30-9, and 30-10 (with the required edits as noted above).

### D. Equitable Tolling

In light of unsuccessful efforts to mediate and settle this case (which resulted in delay in adjudicating this motion), the Court agrees that the FLSA statute of limitations should be tolled for the time period between the filing of the instant motion and the date opt-in notices are sent to potential opt-in plaintiffs. *See Tlapanco*, 2023 U.S. Dist. LEXIS 32102, at *3 (finding the delay in deciding a motion to certify a collective FLSA action warranted tolling) (internal citations omitted); *Rieske v. Gov't Emps. Ins. Co.*, No. 21-CV-4122, 2022 U.S. Dist. LEXIS 211957, at *23 (E.D.N.Y. Nov. 22, 2022) (same); *Yahraes v. Rest. Assocs. Events Corp.*, No. 10-CV-935 SLT, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011) ("The delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine." (internal citations and quotations omitted)).

V.   **CONCLUSION**

The Court recommends that Judge Morrison grant Plaintiffs' Motion to Certify FLSA Collective Action as follows:

1. Conditional certification of this action as a representative class action pursuant to the FLSA on behalf of all Everlast sign installers since August 15, 2018;

2. Court-facilitated notice of the FLSA to potential opt-in plaintiffs, including opt-in forms;

3. Approval of the FLSA notice (with the aforementioned edits);

4. Approval of a 45-day notice period;

5. Approval of a reminder notice (with the aforementioned edits);

6. Notice via U.S. Mail, e-mail, and text message (with the aforementioned edits);

7. Production of discovery for opt-in Plaintiffs;

8. Defendants' posting of notice; and

9. Equitable tolling of the statute of limitations until Plaintiffs' counsel can send notice to opt-in plaintiffs.

VI.   **OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Morrison. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell*

*v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

|  |  |
|---|---|
| Dated: Central Islip, New York<br>April 13, 2023 | **SO ORDERED**:<br><br>/s/ Lee G. Dunst<br>LEE G. DUNST<br>United States Magistrate Judge |