UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FRANK RAFTER JR., THOMAS KELLY, and SEFU SIMMS, on behalf of themselves and others similarly situated,

plaintiffs,

-against-

**CASE NO: 21 cv 4588 (NM) (LGD)**

EVERLAST SIGN & SERVICE INC., EVERLAST SERVICE COMPANY, INC., MIKEY T. INC. (d/b/a EVERLAST ADVERTISING), EVERLAST SERVICE INC. 2, ALL ISLAND SIGNS, LLC (d/b/a ALL ISLAND SIGN COMPANY), ANN TIEFENWORTH, ALEXA TIEFENWORTH, LISA PAONE, FRANK PAONE, and ARTHUR FLYNN,

Defendants.
-------------------------------------------------------------X

---

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

---

Brian L. Greben, Esq.
LAW OFFICE OF BRIAN L. GREBEN
*Attorneys for Plaintiffs*
316 Great Neck Road
Great Neck, NY 11021
Tel: (516) 304-5357
Fax: (516) 726-8425
E-mail: brian@grebenlegal.com

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........ 5

II. BACKGROUND ........ 5

III. ARGUMENT ........ 7

A. Under the FLSA and NYLL, Plaintiffs are Entitled to an Award of Attorneys' Fees to be Paid by Defendants ........ 7

i. Counsel's Hourly Rates are Reasonable ........ 9

ii. Class Counsel's Hours Are Reasonable ........ 10

B. Plaintiffs Should Be Awarded $6,914.05 In Expenses ........ 12

IV. CONCLUSION ........ 13

**TABLE OF AUTHORITIES**

**Cases**

*Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182 (2d Cir. 2008)..........7, 8, 9

*Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199, 203 (2d Cir. 2015)..........9

*Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 208 (2d Cir. 2005)..........8

*Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)..........10

*Johnson v. Georgia Highway Express. Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)..........8

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)..........12

*Loc. 3621, EMS Officers Union v. City of New York*, No. 18 cv 4476 (LJL), 2022 WL 832025, *4 (S.D.N.Y. Mar. 21, 2022)..........8

*Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997)..........11

*Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)..........10

*N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)..........11

*Nike, Inc. v. Top Brand Co.*, 00 cv 8179 (KMW) (RLE), 2006 WL 2946472, *5 (S.D.N.Y. Feb. 27, 2006)..........10

*Ortiz v. Melric Systems Corp.,* 23 cv 6266, Eastern District of New York..........9

*Marquez v. Erenler, Inc.*, 12 cv 8580 (GHW), 2014 WL 5847441 (S.D.N.Y. Nov. 10, 2014)..........10, 11, 13

*McGlone v. Contract Callers Inc.*, 146 F. Supp. 3d 682 (S.D.N.Y. 2015)..........8

*Mugavero v. Arms Acres, Inc.*, 03 cv 05724 (PGG), 2010 WL 451045, *12 (S.D.N.Y. Feb. 9, 2010)..........12

*Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 141 (2d Cir. 2007)..........8

*Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011)..........11

*Tiro v. Pub. House Invs., LLC*, 11 cv 7679 (CM), 2013 WL 4830949, *13 (S.D.N.Y. Sept. 10, 2013)..........12

**Statutes**

29 U.S.C. § 216........................................................................................................................7, 12

N.Y. Lab. L. § 198……………………………………………………………………..12

N.Y. Lab. L. § 663 ...................................................................................................................7, 12

## I. PRELIMINARY STATEMENT

Plaintiffs submit this memorandum of law in support of their motion for attorneys' fees and costs. As the prevailing parties in this action, plaintiffs are entitled to recover reasonable attorneys' fees and costs from defendants under the fee-shifting provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The amount of attorneys' fees to be awarded to plaintiffs under the FLSA and NYLL requires the Court to calculate the "presumptively reasonable fee" by reference to a "reasonable hourly rate" for the attorneys who staffed this case multiplied by a "reasonable number of hours" of work required to litigate this case.[1] As further set forth below, the "presumptively reasonable fee" plaintiffs are entitled to recover from defendants at least **$198,560.00** in attorneys' fees and **$6,914.05** in costs.[2]

## II. BACKGROUND

Plaintiffs Frank Rafter Jr., Thomas Kelly and Sefu Simms (collectively, the "named plaintiffs") commenced the instant lawsuit on behalf of themselves and all similarly situated employees seeking recovery against defendants for defendants' violations of the FLSA, NYLL, Art. 6, § 190 *et. seq*., and Art. 19, § 650 *et. seq*., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142, on August 15, 2021 (ECF Doc. No. 1). The lawsuit seeks recovery of unpaid overtime compensation, spread-of-hours pay, unreimbursed milage and maintenance expenses, liquidated damages, and statutory penalties.

The named plaintiffs successfully moved to certify the instant matter as an FLSA Collective Action in October 2022 (ECF Doc. Nos. 25-31). Seventeen (17) additional plaintiffs joined the instant matter as opt-in plaintiffs (collectively, the "opt-in plaintiffs") between late

---

[1] In the instant matter, these calculations apply only to Brian L. Greben, who is the only attorney who worked on the case.

[2] Because plaintiffs seek attorneys' fees and costs associated with this fee application, including plaintiffs' reply brief, plaintiffs will update the final amount of fees requested in plaintiffs' reply brief.

August and early October 2023 (ECF Doc. Nos. 56, 57, 60-74), although only fourteen (14) remained in the case as of the date of the trial.[3] On November 28, 2022, plaintiffs filed an Amended Complaint that added several of Everlast's other businesses as additional defendants (ECF Doc. No. 41).

The parties exchanged discovery, and all of the defendants, all of the named plaintiffs, and opt-in plaintiffs Gerard Pietrafesa, Yuri Obligenhart, Carlos Patrick, James Perez, and Samuel Blue were deposed.

A bench trial was held before the Hon. Judge Nina R. Morrison over six (6) days between January 23 and January 30, 2025. Defendants, named plaintiffs, and opt-in plaintiffs John Kovalsky, James Perez, Gerard Pietrafesa, and Mark Corrado testified at the trial.

The issue at the heart of this case is whether the named plaintiffs and opt-in plaintiffs (collectively, " plaintiffs"), who worked for defendants as sign installers, were employees or, as defendants contended, were independent contractors. At the close of the trial, on January 30, 2025, the Court ruled in plaintiffs' favor on this issue, holding that "it's not even a close question that these plaintiff installers were employees and not independent contractors under the law, as well as under the New York Labor Law… ." Trial Transcript page 902, lines 15-18.

The parties filed post-trial briefs in March 2025 pursuant to the Court's instructions (ECF Doc. Nos. 124 through 126). On July 28, 2025, the Court issued Findings of Fact and Conclusions of Law (ECF Doc. No. 129).[4] The Court:

- awarded the named plaintiffs damages for unpaid overtime wages, liquidated damages, prejudgment interest, and prejudgment interest;

[3] The opt-in plaintiffs who were no longer in the case as of the time of trial failed to communicate with the undersigned after filing their consents to join, and further failed to produce documents required for discovery, leading to their exclusion from the collective action.
[4] The Court revised the Findings of Fact and Conclusions of Law on or about August 6, 2025, to correct errors pertaining to the calculation of pre-judgment interest (ECF Doc. No. 131).

- awarded plaintiffs Frank Rafter and Sefu Simms reimbursement for mileage and other "tools of the trade," and "spread of hours" wages;
- awarded unpaid overtime wages, liquidated damages and post-judgment interest to eleven (11) of the fourteen (14) opt-in plaintiffs[5];
- held that all of the business entity defendants as well as individual defendants Anne and Alexa Tiefenworth were jointly and severally liable for plaintiffs' damages; and
- allowed plaintiffs to file an application for attorney's fees and costs within fourteen (14) days after the Clerk of Court's issuance of a Judgment.

On August 1, 2025, the Clerk of Court issued a Judgment (ECF Doc. No. 130) and an Amended Judgment that included pre-judgment interest (ECF Doc. No. 132).

Plaintiffs now file this application for reasonable attorneys' fees and costs associated with the prosecution to the instant action.

## III. ARGUMENT

### A. Under the FLSA and NYLL, Plaintiffs are Entitled to an Award of Attorneys' Fees to be Paid by Defendants

The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); NYLL § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court"). Accordingly, plaintiffs should be awarded attorneys' fees and costs.

In the Second Circuit, awards of attorneys' fees are calculated based on the "presumptively reasonable fee" approach adopted in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County*

[5] The opt-in plaintiffs asserted claims under the FLSA only, and therefore did not seek damages for spread of hours or statutory fines, which are only available under the NYLL and it supporting regulations.

*of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Under this approach, the court sets a "reasonable hourly rate," bearing in mind all the case-specific variables, and then multiplies the rate times the number of hours reasonably expended to calculate the "presumptively reasonable fee." *Id.* at 190; *see also Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 141 (2d Cir. 2007). It is well established that "[t]he reasonable hourly rate is the 'prevailing market rate,' i.e., the rate 'prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' It is not the rate that the particular client subjectively 'desires' or is willing or able to pay." *Loc. 3621, EMS Officers Union v. City of New York*, No. 18 cv 4476 (LJL), 2022 WL 832025, *4 (S.D.N.Y. Mar. 21, 2022) (citing *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 208 (2d Cir. 2005)) (other citations omitted). In setting this rate, a court is to consider the traditional factors enumerated in *Johnson v. Georgia Highway Express. Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96, 109 S. Ct. 939, 103 L. Ed. 2d 67(1989):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary-hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill, supra*, 522 F.3d at 186 n.3 (citing *Johnson, supra*, 488 F.2d at 717-19). This is referred to as the "presumptively reasonable fee approach" or the "lodestar" approach. *McGlone v. Contract Callers Inc.*, 146 F. Supp. 3d 682, 584 (S.D.N.Y. 2015).

Here, the rate and hours sought by plaintiffs for the attorney who handled this case in its entirety are reasonable.

**i. Counsel's Hourly Rates are Reasonable**

The undersigned plaintiff's counsel, Brian L. Greben, has been practicing law for over thirty (30) years since graduating from Cardozo Law School in May 1995. I founded my solo practice, The Law Office of Brian L. Greben, in 2012, and have dedicated it to employment law. I am happy to say that I have had great success in this field, as demonstrated by the multiple on-line reviews my clients have given me over the years, all of which have rated me at five stars (the maximum available). These include, *inter alia*, forty-six five star reviews on Avvo.com, six five star reviews on Lawyers.com, and ten five star reviews on Google.com.[6]

Moreover, my hourly rate of $400.00 has been repeatedly held to be reasonable during many applications for approval of settlements made pursuant to *Cheeks v. Freeport Pancake House*, *Inc*., 796 F.3d 199, 203 (2d Cir. 2015). A copy of my most recent *Cheeks* application, filed in *Ortiz v. Melric Systems Corp.,* 23 cv 6266, Eastern District of New York, and the Court's approval of the settlement (with a specific reference to the reasonableness of my fee) is annexed to the accompanying affirmation of Brian L. Greben as Exhibit "1." Furthermore, upon information and belief, my current hourly rate has never held to be "unreasonable" under any circumstances. Indeed, it is lower than the state average for employment lawyers of $413 per hour as reported by clio.com. *See* Exhibit "2."

The factors quoted above from *Arbor Hill* further support the reasonableness of my hourly rate. I am a solo practitioner, and had to put in a tremendous amount of time and labor to

[6] To access my reviews on Avvo and Lawyers.com please use this link: https://www.avvo.com/attorneys/11021-ny-brian-greben-938492.html?rating=5#reviews. I do not know how to copy a link for my google reviews, but they may be easily obtained by "googling" my name.

prosecute a case with *seventeen (17) plaintiffs* by myself. This was a novel case – I could not find any prior cases involving operations of the size and longevity of Everlast that had a comparably entrenched system in place involving multiple employees over multiple years who were deemed to be independent contractors, and who had very little written proof of their claims. I further submit that the level of skill needed to successfully prosecute this case was considerable, not only because of the lack of written proof, the complexity of the case, and the multiple parties, but also because, *inter alia,* defendants were relying on prior litigation that stated that installers such as plaintiffs were "independent contractors." Moreover, because I am a solo practitioner who had to devote many intense months to this case, I had to turn away other cases and spend thousands of dollars of my own money on expenses. During the month of January 2025 I had almost no time to work on any other cases, which had a terrible effect on my family's finances (this was, to a limited extent, discussed with the Court during the course of the trial). I further submit that, because of these and other factors, this was a most "undesirable" case.

**ii. Counsel's Hours Are Reasonable**

"To determine a reasonable number of hours of work for a particular case, courts first look for documentation in the form of 'contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done.'" *Marquez v. Erenler, Inc.*, 12 cv 8580 (GHW), 2014 WL 5847441, *3 (S.D.N.Y. Nov. 10, 2014) (citations omitted). The Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted); *accord Nike, Inc. v. Top*

*Brand Co.*, 00 cv 8179 (KMW) (RLE), 2006 WL 2946472, *5 (S.D.N.Y. Feb. 27, 2006), *report & rec. adopted*, 2006 WL 2884437 (S.D.N.Y. Oct. 6, 2006). The Court should examine contemporaneous time records that identify the hours expended on a task, "with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) (citation omitted); *see also Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011); *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Next, courts "look to their own familiarity with the case and experience generally. Because attorneys' fees are dependent on the unique facts of each case, the resolution of the issue is committed to the discretion of the district court. Finally, billing judgment must be factored into the equation." *Marquez, supra*, 2014 WL 5847441 at *3.

A copy of the undersigned lodestar figures are annexed to the moving Affirmation of Brian L. Greben as Exhibit "3." Please be advised that the entries on the lodestar spreadsheet are not, by any means, a complete picture of the total amount of time I spent working on this case, as I have only included data that I recorded on a spreadsheet contemporaneously with work as it was performed. I have not included thousands of emails and telephone calls that I exchanged with clients, defendants' counsel, and others. Moreover, I have removed redundant or unclear entries. Nevertheless, a review of my lodestar figures demonstrates that I spent considerable time litigating this case over the past four (4) years, including time spent, *inter alia*, communicating with twenty (20) clients; drafting retainer agreements and pleadings; creating complex damage estimates; moving to certify this action as a collective action; reaching out to many installers and representing those who joined as opt-in plaintiffs; reviewing and providing multiple tax returns and related documents; preparing interrogatories and discovery submissions; obtaining and reviewing discovery from defendants; drafting mediation statements and participating in mediations; moving for summary judgment; fighting off multiple motions for

summary judgment by defendants; taking depositions of four (4) individual defendants, plus one (1) former individual defendant; defending depositions of all three (3) named plaintiffs and five (5) opt-in plaintiffs; responding to inquiries from the Court and several Magistrate Judges; drafting a complicated JPTO and negotiating with defendants' counsel regarding same; preparing complex binders of trial Exhibits; successfully filing a motion *in limine*; preparing for trial; trying the case; and preparing a lengthy, complex post-trial brief.

A review of the undersigned's time records demonstrates that I litigated this case leanly and effectively. This efficient work had demonstrable results: after litigating this case from inception, including discovery, collective certification, summary judgment motions, and trial, the undersigned is seeking less than 500 attorney hours. This is efficient compared to the hours typically expended in collective or class actions. *See, e.g.*, *Tiro v. Pub. House Invs., LLC*, 11 cv 7679 (CM), 2013 WL 4830949, *13 (S.D.N.Y. Sept. 10, 2013) (counsel "expended more than 1,300 hours" over the course of less than two years found "reasonable" in a restaurant wage and hour class action that involved initial discovery, class certification, mediation and settlement). Plaintiffs respectfully submit that the Court should find that all of the undersigned's hours submitted on this motion were reasonable under the circumstances and include every hour expended in its calculation of the presumptively reasonable fee.

**B. Plaintiffs Should Be Awarded $6,914.05 In Expenses**

As the prevailing party, plaintiffs are entitled to recover costs as well as attorneys' fees. *See* 29 U.S.C. 216(b); NYLL §§ 198(1-a), 663(1). Costs are defined as "compensation for 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Mugavero v. Arms Acres, Inc.*, 03 cv 05724 (PGG), 2010 WL 451045, *12 (S.D.N.Y. Feb. 9, 2010) (citing *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).

An itemized list of expenses incurred by counsel in paragraph 10 of counsel's moving affirmation; receipts and invoices for those costs are included in Exhibit "4." Plaintiffs request reimbursement for $6,914.05 for court filings, depositions, mailings, transportation and court transcript orders. Greben Affirmation, ¶ 10. These costs are all reasonable and have been allowed in similar cases. *See Marquez, supra*, 2014 WL 5847441 at *4 (reimbursement for court filings, transcript fees, process service fees, deposition fees, and interpreter fees).

## IV. CONCLUSION

For all the above reasons, the Court should order defendants to pay at least **$198,560.00** in attorneys' fees and **$6,914.05** in costs pursuant to the fee-shifting provisions of the FLSA and NYLL. Plaintiffs intend to update the final amount of attorneys' fees they seek in their reply brief.

Dated: Great Neck, New York
August 15, 2025

LAW OFFICE OF BRIAN L. GREBEN

/s/ Brian L. Greben

316 Great Neck
Road Great Neck,
NY 11021
(516) 304-5357
brian@grebenlegal.com