UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X
FRANK RAFTER JR., THOMAS KELLY,
and SEFU SIMMS, *on behalf of themselves
and others similarly situated*,

                Plaintiffs,             **MEMORANDUM & ORDER**

     -against-                          21-cv-4588 (NRM) (LGD)

EVERLAST SIGN & SERVICE INC., *et al.*,

                Defendants.
───────────────────────────────X

**NINA R. MORRISON**, United States District Judge:

    This case concerns wage-and-hour claims brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Previously, this Court found that Plaintiffs, as the prevailing party, were entitled to a fees award. *Rafter v. Everlast Sign & Serv. Inc.*, No. 21-CV-4588 (NRM) (LGD), 2025 WL 2240446, at *44 (E.D.N.Y. Aug. 6, 2025). Presently before the Court is Plaintiffs' Motion for Attorney Fees and Costs. ECF No. 133. The Court has reviewed the submissions from the parties, and Plaintiffs' motion is GRANTED in part and DENIED in part. The Court awards Plaintiffs' counsel $197,100.00 in fees and $6,914.05 in costs.

    To calculate an attorney's fee award under the FLSA and NYLL, the Court conducts a "lodestar" analysis and multiples the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Greathouse v. JHS Sec. Inc.*, 735 F. App'x 25, 26 (2d Cir. 2018) ("The lodestar is the 'presumptively reasonable fee.'" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany and Albany Cty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008))); *Kroshnyi v. U.S.*

1

*Pack Courier Servs., Inc.*, 771 F.3d 93, 108 (2d Cir. 2014) (discussing the lodestar analysis under federal fee-shifting statutes and New York law).  The Court must "disclose what lodestar . . . it calculated" by indicating its estimates as to (1) "what hourly rate would normally be charged in the pertinent legal community for similar cases by attorneys [with similar] training and experience" and (2) "how many hours were reasonably required for the prosecution of [plaintiffs'] claims."  *Orchano v. Advanced Recovery, Inc.*, 107 F.3d 94, 99 (2d Cir. 1997).  "In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims."  *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–35 (1983)).  Hours dedicated to unsuccessful claims may be recovered where these claims are "inextricably intertwined" with successful claims.  *Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 106 (2d Cir. 2022) (quoting *Quarantino*, 166 F.3d at 425).

Here, the Court finds the 500.9 hours (including the time spent preparing Plaintiffs' fees motion and their reply on that motion) expended in prosecuting this action to be reasonable.  *See Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651 (S.D.N.Y. 2019) (finding 964.65 attorney hours to be generally reasonable in a FLSA and NYLL action that proceeded to a bench trial and produced recovery for 17 out of 23 plaintiffs).  This was a complex, years-long, fact-intensive case involving (1) certification of the case as a FLSA collective action, (2) mediation, and (3) motion and discovery practice, all of which culminated in a six-day trial at which numerous key

2

facts were in dispute. Counsel's expenditure of time generally reflects efficient and effective advocacy. Though the FLSA and NYLL are sometimes characterized as "straightforward statutes," *Castellanos v. Deli Casagrande Corp.*, No. 11-CV-245 (JFB) (AKT), 2013 WL 1207058, at *10 (E.D.N.Y. Mar. 7, 2013) (citing *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 208 (E.D.N.Y. 2007)), Defendants' lack of reliable recordkeeping made this an especially difficult case to litigate. A line-by-line review of Plaintiffs' 19-page time records — which contain time entries sufficiently specific to permit the Court to inquire into their reasonableness — does not reveal excessive, redundant, or otherwise unnecessary hours. *See* ECF No. 133-5. Moreover, Plaintiffs may receive fees for their unsuccessful wage notice and wage notice claims because these unsuccessful claims were intertwined with their successful minimum wage, overtime, and spread-of-hours claims and therefore should not be severed. *See, e.g.*, *Neri v. Abi Japanese Rest., Inc.*, No. 20-CV-581 (MKB) (JRC), 2022 WL 16755146, at *5 (E.D.N.Y. Sep. 15, 2022), *report and recommendation adopted*, 2022 WL 4596735 (Sep. 30, 2022) (finding no fees reduction was warranted where plaintiffs' "overtime clams were inextricably intertwined and involved a common core of facts with [their] other wage and hour claims," including wage notice and wage statement claims (citation modified)); *Cabrera v. Schafer*, No. 12-CV-6323 (ADS) (AKT), 2017 WL 9512409, at *9 (E.D.N.Y. Feb. 17, 2017), *report and recommendation adopted*, 2017 WL 1162183 (Mar. 27, 2017) ("[O]vertime, lack of pay stubs and spread-of-hours claims are naturally interrelated."); *Bond v. Welpak Corp.*, No. 15-CV-2403 (JBW) (SMG), 2017 WL 4325819, at *6 (E.D.N.Y. Sept. 26,

2017) ("Plaintiffs' wage notice and frequency of pay claims, however, are not readily severable from their overtime claims because each involved a common core of facts."). Because the particularly contentious areas of this litigation focused on Plaintiffs' overtime claims, and because the wage notice and wage statement claims were related but merely ancillary to these primary overtime claims, the Court "decline[s] to reduce [counsels'] hours based on time spent working on unsuccessful claims." *Bond*, 2017 WL 4325819, at *6.

Plaintiffs' counsel's hourly rate of $400 is also reasonable. Plaintiffs' counsel is a solo practitioner dedicated to the practice of employment law with more than 30-years' experience in the field. His $400 hourly rate is within the range of hourly rates found to be reasonable for attorneys of comparable experience in this district and circuit. *See, e.g.*, *Durand v. Excelsior Care Grp. LLC*, No. 19-CV-2810 (KAM) (TAM), 2021 WL 5409097, at *7 (E.D.N.Y. July 14, 2021) ("Recent decisions within the Eastern District of New York approved hourly rates of $300 to $450 for partners . . . ."); *Bevel v. Mennella's Poultry Co.*, No. 23-CV-5678 (JLR) (SLC), 2024 WL 1349010, at *4 (S.D.N.Y. Mar. 1, 2024), *report and recommendation adopted*, 2024 WL 1346537 (Mar. 29, 2024) (finding a $500 hourly rate to be reasonable).

Defendants have cited *Holick v. Cellular Sales of New York*, 48 F.4th 101, 106 (2d Cir. 2022) for the proposition that "the Court must take into account the degree of success achieved by the prevailing party." ECF No. 136 at 2. This is true as a general matter, and, in the instant case, Plaintiffs achieved a high degree of success. Plaintiffs prevailed on virtually every issue that proceeded to trial, even though the

4

final calculations of damages (in light of the Court's findings of fact and the statute of limitations) ultimately proved to be substantially lower than what Plaintiffs sought. *See Neri*, 2022 WL 16755146, at \*5 ("While plaintiffs' recovery for unpaid overtime was more limited [than what they requested], this Court does not find a reduction in fees warranted."). The claims of Plaintiffs who did not recover are also sufficiently intertwined with the recoverable claims, and were in large part time-barred only because the Court did not find that Plaintiffs had met their heavy burden of proving that the FLSA violations were willful (even though the Court did find that Defendants did not act in good faith when they compensated Plaintiffs as independent contractors rather than employees). Moreover, the fact that Plaintiffs' collective recovery is lower than the fees award sought does not militate in favor of a reduction in the fees award. "[T]he whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 604 (2d Cir. 2020) (quoting *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011)).

The facts of *Holick*, which warranted a reduction in the requested fee, are also distinguishable. *Holick v. Cellular Sales of New York, LLC*, No. 12-CV-584 (DJS), 2021 WL 964206, at \*3–5 (N.D.N.Y. Mar. 15, 2021), *aff'd*, 48 F.4th 101 (2d Cir. 2022). First, the *Holick* plaintiffs failed, at the time of the fee award, to successfully certify the FLSA collective and a class action. Here, Plaintiffs successfully certified the collective and in fact recovered for a number of members of the collective. The *Holick* attorney represented that approximately 18% of their time went to the unsuccessful

5

collective/class certifications. Second, the *Holick* plaintiffs unsuccessfully pursued an unjust enrichment claim, which the court found was not sufficiently intertwined to be compensable in a fee award for the successful wage and overtime claims. Here, all of Plaintiffs' claims are sufficiently intertwined as to be compensable. Third, the *Holick* attorneys also attempted to bill for services rendered in regard to unemployment claims. These were not compensable. Here, there is no indication that such unrelated billing was included in the claim; a review of Plaintiffs' counsel's time entries supports this. Fourth, the *Holick* attorneys block-billed, which prevented the court from conducting an inquiry into the reasonableness of the hours worked. Here, counsel has not block-billed. Fifth, there were instances of unnecessary and redundant billing in *Holick* that are not present here. Sixth, at the time of the *Holick* award, plaintiffs had recovered only $11,000, including liquidated damages and pre-judgment interest, out of $4 million sought for the uncertified collective. Here, Plaintiffs sought more than $1.3 million and ultimately recovered $110,929.32, including liquidated damages and pre-judgment interest, for the certified collective, indicating a higher degree of success relative to the recovery sought. Seventh, the reduced fee award affirmed in *Holick* was $576,870.30, while the requested fee here is $200,360.00, a substantially lower sum despite the higher relative degree of success obtained by Plaintiffs' counsel in the instant case.

However, one aspect of Plaintiffs' requested fees award of $200,360.00 does merit reduction. "[T]he practice in this circuit is to allow for billing at half the attorney's regular rate for travel time." *Fundora v. 87-10 51st Ave. Owners Corp.*,

6

No. 13-CV-0738 (JO), 2015 WL 729736, at *1 (E.D.N.Y. Feb. 19, 2015); *see also Singh v. Zoria Hous. LLC*, No. 16-CV-02901(SJ) (RER), 2017 WL 6947717, at *4 (E.D.N.Y. Nov. 17, 2017), *report and recommendation adopted*, 2018 WL 437492 (E.D.N.Y. Jan. 16, 2018) ("The Court notes that travel costs are typically compensated at 50% the attorney's hourly rate."); *Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 59 n.2 (2d Cir. 1996) ("The district court reduced Plaintiffs' requested amount in part to reflect . . . travel time . . . ."). Plaintiffs' counsel's time entries contain thirteen instances of travel time billed at his full hourly rate. *See* ECF No. 133-5. In keeping with precedent in this circuit, the Court reduces these entries by 50%, thereby reducing Plaintiffs' overall fee by $3,260 to $197,100.00.

Finally, Plaintiffs have sufficiently documented their costs to justify the award they seek. *See* ECF No. 133-5; ECF No. 133-6. While the Court notes that Plaintiffs have not produced receipts or invoices for the trial transcripts, there is no question these transcripts were ordered, as Plaintiffs cited the trial transcripts extensively in their post-trial brief. *See* ECF No. 126. Plaintiffs' counsel also documented the cost of these transcripts among his time entries. ECF No. 133-5 at 19. While actual invoices would have been preferable, what counsel has provided is sufficient to satisfy the Court that the reported cost of the transcript is accurate. *Cf. Cao v. Wedding in Paris LLC*, 727 F. Supp. 3d 239, 301 (E.D.N.Y. 2024) (permitting recovery of a filing fee without backup documentation where the cost could be verified by the docket (citing *Shalto v. Bay of Bengal Kabob Corp.*, No. 12-CV-920 (KAM) (VMS), 2013 WL 867420, at *2 (E.D.N.Y. Mar. 7, 2013))). Plaintiffs are entitled to $6,914.05 in costs.

7

Accordingly, Plaintiffs' motion is GRANTED in part and DENIED in part. Plaintiffs' counsel is awarded $197,100.00 in fees and $6,914.05 in costs.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: October 17, 2025
    Brooklyn, New York

8